UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE R. GOVEA, | No. 2:15-cv-2545 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT W. FOX, et al., | |
| Defendants. | |

Plaintiff is a state prisoner formerly proceeding pro se with a civil rights action under 42 U.S.C. § 1983. This action proceeds on plaintiff's second amended complaint. (ECF No. 18.) Plaintiff claims defendants failed to provide him with adequate medical treatment in violation of the Eighth Amendment. Presently before the court is plaintiff's request for leave to file an amended complaint (ECF No. 46) and defendants' oppositions (ECF Nos. 47, 50). For the reasons set forth below, the court will deny the request without prejudice.

On August 1, 2019, a notice was filed indicating that counsel agreed to represent plaintiff in this action. (ECF No. 46.) Additionally, counsel for plaintiff requested leave to file an amended complaint. The request did not contain a proposed amended complaint or indicate the reason for amendment. Defendants Bick, Fox, Lewis, and Rading filed an opposition to plaintiff's request for leave to file an amended complaint. (ECF No. 47.) Defendant Wolfson is separately

////

1

represented and has also filed an opposition to plaintiff's request to amend. (ECF No. 50.) Defendant Clark has not yet been served in this action.[1]

Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion pursuant to Rule 12(b). In all other cases, a plaintiff may amend his complaint with defendant's written consent or the court's leave. Fed. R. Civ. P. 15. "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Defendants argue that under Federal Rule of Civil Procedure 15(a), plaintiff is required to obtain permission before filing an amended complaint because more than twenty-one days have passed since defendants were served. (ECF No. 47 at 2-3; ECF No. 50 at 2-3.) Defendants have also argued that plaintiff's request fails to comply with Local Rule 137(c), which requires him to file a copy of the proposed amended complaint attached as an exhibit to any motion to amend. (ECF No. 47 at 4; ECF No. 50 at 4.) Defendants further stated that plaintiff has not indicated why justice requires amendment or whether he intends to seek different forms of relief, allege new or different facts, add defendants, or raise new causes of action. (ECF No. 47 at 4; ECF No. 50 at 4.)

////

////

---

[1] By order dated June 24, 2019, the court granted plaintiff an additional 30 days to submit the documents to effect service on defendant Clark. (ECF No. 35.)

Because plaintiff has failed to comply with Federal Rule of Civil Procedure 15(a) and Local Rule 137(c) the court will deny plaintiff's request without prejudice to its renewal. However, any motion to amend should comply with the Federal Rules of Civil Procedure and the local rules.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to amend the complaint (ECF No. 46) is denied without prejudice.

Dated: August 19, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/prisoner-civil rights/gove2545.Am'd.Appr