UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE R. GOVEA,

Plaintiff,

v.

ROBERT W. FOX, et al.,

Defendants.

No. 2:15-cv-2545 MCE DB P

ORDER

Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants failed to provide him with adequate medical treatment in violation of his rights. Presently before the court are motions to dismiss filed by defendants Fox (ECF No. 48) and Wolfson (ECF No. 49), plaintiff's motion to amend (ECF No. 52), and defendants' oppositions to the motion to amend (ECF Nos. 59, 60). For the reasons set forth below, the court will grant plaintiff's motion to amend and deny the motions to dismiss without prejudice.

**BACKGROUND**

Plaintiff initiated this action by filing the original complaint in December 2015. (ECF No. 1.) The original complaint was screened and dismissed for failure to state a claim. (ECF No. 8.) Thereafter plaintiff filed an amended complaint. (ECF No. 13.) Upon screening the amended complaint, the court found that plaintiff stated a potentially cognizable Eighth Amendment claim

1

against several defendants, but dismissed his state law negligence claim for failure to plead compliance with the California Government Claims Act (GCA).[1] (ECF No. 15.) Plaintiff was given the option to proceed immediately with his Eighth Amendment claims or to amend the complaint. Plaintiff opted to file a second amended complaint. (ECF No. 16.)

The court found that plaintiff's second amended complaint (SAC) stated both Eighth Amendment and state law negligence claims and ordered service appropriate for defendants Bick, Clark, Fox, Lewis, Rading, and Wolfson. (ECF No. 19.) Following service, the court referred this case to the post-screening ADR (Alternative Dispute Resolution) program. Defendants Bick, Fox, Lewis, and Rading[2] requested to opt out of the early settlement program. (ECF No. 44.) The court granted the request, the stay was lifted, and defendants were directed to file a responsive pleading. (ECF No. 45.)

Shortly thereafter, a notice of representation and request to amend the complaint was filed on behalf of the plaintiff. (ECF No. 46.) Defendants opposed the request to amend the complaint. (ECF Nos. 47, 50.) The court denied the request without prejudice because counsel failed to comply with Local Rule 137(c). (ECF No. 51.)

After the notice of representation was filed, but before the court addressed the request to amend, defendants Fox and Wolfson moved separately to dismiss the complaint. (ECF Nos. 48, 49.) Those motions are fully briefed.[3] (ECF Nos. 53, 56, 58.) Plaintiff also filed a renewed

---

[1] In order to state a tort claim against a public employee, plaintiff must affirmatively allege compliance with the GCA. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

[2] Defendant Wolfson is separately represented. Additionally, service was initially returned unexecuted as to defendant Clark. (ECF No. 23.) Plaintiff was directed to provide additional information. (ECF No. 24.) A waiver of service was filed by counsel for defendants Bick, Fox, Lewis, and Rading. (ECF No. 57.) However, later filings do not indicate that counsel for Bick, Fox, Lewis, and Rading is also representing defendant Clark in this action.

[3] The court notes that plaintiff's reply to defendants' motions to dismiss was not timely filed. However, the court has read and considered the reply. Counsel claims the delay was due to difficulties in achieving communication with the plaintiff. (ECF No. 61-1.) Counsel is advised that should he encounter such difficulties in the future he should request an extension. See Local Rule 144(d).

2

motion to amend containing the proposed amended complaint as an attachment to the motion as required by Local Rule 137(c). (ECF No. 52-2.) Defendants oppose plaintiff's renewed motion to amend the complaint. (ECF Nos. 59, 60.)

**MOTION TO AMEND**

**I.    Plaintiff's Motion to Amend**

As stated above, plaintiff is newly represented by counsel who seeks to amend the complaint. Plaintiff's renewed motion to amend argues that the third amended complaint (TAC) adds additional counts and addresses the alleged deficiencies identified in the defendants' motions to dismiss. (ECF No. 52-1.) The proposed amended complaint is attached as Exhibit A to the motion to amend. (ECF No. 52-2.) The claims alleged in the TAC are based on the same set of facts as the prior complaints. Plaintiff previously sought claims based on the Eighth Amendment and state law negligence. The TAC contains claims pursuant to the Eighth Amendment, the Americans with Disabilities Act (ADA), section 504 of the Rehabilitation Act, the California Disabled Person Act (CDPA), the Unruh Civil Rights Act, and California negligence law. (ECF No. 52-2.)

**II.   Legal Standards – Amendment**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmeriscourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. (citations omitted)

Prejudice is the touchstone of the inquiry whether a motion to amend should be granted under Rule 15(a). Duhn Oil Too, Inc. v. Cooper Cameron Corp., 609 F.Supp.2d 1090, 1092-93 (E.D.Cal.2009) (quoting Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.

3

2003)). "Absent prejudice or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original). Undue delay on its own is insufficient to justify denying a motion to amend under Rule 15. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) (court must provide a contemporaneous specific finding of bad faith by the moving party, prejudice to the opposing party, futility of amendment).

A claim is considered futile and leave to amend shall not be given if there is no set of facts that can be proved under the amendment that would constitute a valid claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (abrogated on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009)). However, typically challenges to the merits of a proposed amended pleading is typically denied until after leave to amend is granted. See Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D.Cal. 2003) (citing Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial at 8:422 (The Rutter Group. 2002)) (denial based on futility of amendment is rare and challenges to the merits of a proposed amended pleading generally are delayed until after leave to amend is granted and the amended pleading is filed).

### III.  Discussion

In their oppositions to plaintiff's motion to amend the defendants largely rely on the same arguments advanced in their respective motions to dismiss. They highlight various alleged deficiencies in the factual allegations contained in the TAC. However, such deficiencies are better served as arguments in support of a motion to dismiss. See Netbula, 212 F.R.D. at 539 (Under Rule 15(a)'s liberal amendment standard, courts ordinarily "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

Defendants also argue that granting the motion to amend will unduly delay these proceedings. (ECF No. 60 at 12.) While they correctly point out that this action has been pending since 2015, defendants have only recently appeared in this action and have not yet engaged in formal discovery. (See ECF Nos. 25, 28.) Thus, the present case is distinguishable
////

from those cited by defendants (ECF No. 60 at 12), where leave to amend was denied after the close of discovery.

Defendants also argued that amendment is futile. (ECF Nos. 59, 60.) In order to show that amendment is futile they would need to show that there is no set of facts that can be proved under the amendment that would constitute a valid claim. Miller, 845 F.2d at 214. While defendants have identified various deficiencies in the proposed amended complaint, the court finds that they have not shown that amendment is futile.

Defendants have not argued that plaintiff has acted in bad faith by seeking to amend the complaint. The court finds that defendants have not identified the required "strong evidence" of bad faith, prejudice, or futility that would justify denying plaintiff's motion to amend. Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013). Therefore, the court will grant plaintiff's motion to amend.

**MOTIONS TO DISMISS**

The court will not address the motions to dismiss filed by defendants Fox and Wolfson at this time. (ECF Nos. 48, 49.) As set forth above, the court has determined that plaintiff should be given the opportunity to amend. Because the motions to dismiss relate to the SAC, they have been rendered moot by the court's determination that this action should proceed on the proposed amended complaint. However, the motions to dismiss will be denied without prejudice and defendants may move to dismiss the TAC.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 52) is granted;

2. Defendant Fox's motion to dismiss (ECF No. 48) is denied without prejudice;

3. Defendant Wolfson's motion to dismiss (ECF No. 49) is denied without prejudice; and

4. The defendants shall file a responsive pleading within thirty days of the date of this order.

Dated: October 7, 2019

DLB:12
DLB:1/Orders/prisoner-civil rights/gove2545.mt.to.amd

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE